UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TROY DAVID MUELLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1057** |
| **WARDEN ROBERT TANNER, ET AL.** | **SECTION "C"(1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Troy David Mueller, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983 against Warden Robert Tanner and Dr. Dennis LaRavia. In this lawsuit, plaintiff alleges that he received inadequate medical care for back pain. As relief, he seeks monetary damages.

### I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous ...." 28 U.S.C. § 1915A(b)(1).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... is frivolous ...." 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

Although broadly construing plaintiff's complaint,[1] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous.

## II. Plaintiff's Claim

As noted, plaintiff claims that he has received inadequate medical care while in prison. In support of his claim, he attached to his federal complaint a copy of the two-step administrative grievance he submitted to prison officials. The first-step respondent rejected that grievance, stating:

> Your complaint has been reviewed and investigated. Your medical record has also been reviewed.
> You were seen by Dr. Dennis LaRavia, Medical Director, as a new intake upon arrival to Rayburn Correctional Center on March 16, 2010, at which time, Dr. LaRavia implemented a plan of treatment for you. This plan included a restrictive duty status, medications, and for you to practice improving your posture. You attended sick call on March 18, 2010, requesting to talk to the doctor concerning your treatment plan. You were referred by Nurse Mary Jo Johnson to see the doctor. Upon review of the sick call charts by Dr. LaRavia, he wrote for you to continue the present treatment for at least six to eight weeks. You attended sick call again on March 24, 2010, stating the medication was not helping and that the Flexeril was not in the computer at pill call. Nurse Wendy Seal corrected the Flexeril not being in the computer. Upon review of the sick call charts by Dr. LaRavia, he wrote for the present plan to be continued. You have a scheduled appointment to see Dr. LaRavia

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

    on April 22, 2010. There is no medical indication for the need for you to be transferred to another institution.
      No relief is warranted for this complaint. Your request for remedy is denied.[2]

Plaintiff appealed that decision to the second, final step of the grievance procedure. The second-step respondent likewise rejected the grievance.[3]

  The Court has obtained and filed into this federal record a certified copy of plaintiff's medical records from the prison.[4] A review of those records reflects that the first-step respondent accurately summarized plaintiff's medical treatment at the prison.

  Turning now to the applicable law, the Court initially notes what the federal constitution does *not* require with respect to the medical care of inmates.

  First, the federal constitution does not require that inmates receive optimal care. The fact that an inmate's medical treatment "may not have been the best money could buy" is simply insufficient to establish a federal violation. Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992); see also Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006) ("deliberate indifference exists wholly independent of an optimal standard of care"); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978) (the applicable legal standard is not whether an inmate was provided the "optimum" or "best" medical care available).

  Second, the federal constitution does not require even that an inmate's medical care be free from negligence or medical malpractice. Hall v. Thomas, 190 F.3d 693, 697-98 (5th Cir. 1999); see

---

[2] Rec. Doc. 1, p. 6.

[3] Rec. Doc. 1, p. 7.

[4] Rec. Doc. 7.

also Kelly v. Gusman, Civ. Action No. 07-611, 2007 WL 2007992, at *4 (E.D. La. July 5, 2007); Cerna v. Texas Tech Medical Staff, No. 2:03-CV-0322, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004). Rather, claims of negligence or malpractice present issues of state law for state courts, not federal constitutional issues for a federal court. See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Cerna, 2004 WL 42602, at *2.

On the contrary, an inmate's federal constitutional right to medical care is extremely limited. Specifically, the United States Constitution requires only that an inmate's serious medical needs[5] not be met with *deliberate indifference*. See, e.g., Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). On that point, the United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

---

[5] Because it is clear that plaintiff cannot show deliberate indifference in this case, the Court need not determine whether his back pain actually constituted a serious medical need. However, the Court notes that it is at least debatable whether back pain qualifies as a sufficiently serious medical need to trigger constitutional protections. See, e.g., Claudet v. Jones, Civ. Action No. 10-87, 2010 WL 4365512, at *4 (E.D. La. Oct. 27, 2010).

The medical records in the instant case show that plaintiff was not refused treatment, his various medical complaints were not ignored, and he was not intentionally treated incorrectly. Those records instead reflect that he was repeatedly seen by the jail's medical staff and treated with medications. Accordingly, the records disprove his allegation that his medical needs were met with deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.").

The Court further notes that it appears that the crux of plaintiff's discontent is that he disagreed Dr. LaRavia's decision not to prescribe *particular* medications. For example, the medical records from March 18, 2010, reflect that plaintiff wanted Naprosyn or Ultram, not the Flexeril prescribed by Dr. LaRavia. However, a mere disagreement between an inmate and the medical staff concerning whether certain medical treatment is appropriate is not actionable under § 1983. Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); Williams v. Chief of Medical Operations, Tarrant County Jail, No. 94-10115, 1994 WL 733493, at *2 (5th Cir. Dec. 27, 1994) (a refusal to provide an inmate with the specific pain killers he requests does not rise to the level of a constitutional violation). Further, the fact that a prison doctor discontinued a course of treatment allegedly previously prescribed by other physicians is of no constitutional moment. Differences of opinion among physicians as to the appropriate method of treatment do not constitute deliberate indifference. Campbell v. Martinez, No. Civ. A. 4:03-CV-299-Y, 2003 WL 22410576, at *3 (N.D. Tex. May 14,

2003), aff'd, 96 Fed. App'x 237 (5th Cir. 2004).[6] Moreover, even if the alternative medication prescribed by Dr. LaRavia was ineffective as plaintiff contends, he still has no constitutional claim. Federal constitutional protections are not violated simply because an inmate's medical treatment was unsuccessful or because pain persisted despite treatment. Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006); Williams, 1994 WL 733493, at *2; Kron v. Tanner, Civ. Action No. 10-518, 2010 WL 3199854, at *7 (E.D. La. May 19, 2010), adopted, 2010 WL 3171040 (E.D. La. Aug. 6, 2010). As the United States Fifth Circuit Court of Appeals has noted: "Continuing back pain is unpleasant. Its existence does not, however, in and of itself demonstrate that a constitutional violation occurred." Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

In summary, plaintiff essentially invites this Court to overrule Dr. LaRavia's medical judgment. However, a physician's "medical judgments are not to be lightly second-guessed in a federal civil rights action." Castro v. Louisiana, Civ. Action No. 08-4248, 2008 WL 5169401, at *4 (E.D. La. Dec. 8, 2008); see also Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."). Accordingly, based on the evidence of record showing that plaintiff received extensive and continued medical care, the Court should decline that invitation.

---

[6] "Medical decisions that may be characterized as classic examples of matters for medical judgment, such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview. Such matters are questions of tort, not constitutional law." Snipes v. DeTella, 95 F.3d 586, 591 (7th Cir. 1996) (internal quotation marks, brackets, and citation omitted).

6

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this twenty-sixth day of May, 2011.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.